IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-250

WILLIAM J. GOLLEHON,                          )
                                              )
          Relator,                            )
                                              )
     v.                                       )        OPINION
                                              )          AND
DISTRICT COURT OF THE THIRD                   )        O R D E R
JUDICIAL DISTRICT OF THE STATE                )
OF MONTANA, IN AND FOR THE                    )
COUNTY OF POWELL, THE HONORABLE               )        **FILED**
EDWARD P. McLEAN, Presiding,                  )
                                              )        MAY 25 1995
          Respondent.                         )

                                              *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

William J. Gollehon, herein called Mr. Gollehon, has filed an Application for Writ of Supervisory Control or Other Appropriate Writ, and also his Application for Stay of Death Sentence Pending Consideration of Application for Writ of Supervisory Control. The respondent, through the office of the Attorney General, has filed its response to the application for writ of supervisory control. The applications state that the execution of the death sentence is now scheduled for June 11, 1995, at Deer Lodge, Montana.

Pursuant to the requirements of Rule 17, M.R.App.P., this Court accepts supervisory control and addresses the merits of the issues raised by Mr. Gollehon in his Petitions.

Mr. Gollehon contends that the five year time period for filing a post conviction petition as contained in § 46-21-102, MCA, controls and overrides any time periods otherwise provided. That code section provides:

> **46-21-102. When petition may be filed.** A petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction.

In substance Mr. Gollehon contends that the foregoing statute creates a liberty interest which is superior to the State's right to carry out the death sentence during the five year period within which a post conviction petition can be filed. He requests that this Court rule that Mr. Gollehon has an absolute right to consume

1

as much of the five year period as he deems necessary in prefiling investigation and preparation of a post conviction relief petition so that the State should not be allowed to seek, nor the District Court to schedule, the execution of the death sentence during the five year period.

The State responds by referring first to § 46-19-103(1), MCA, which addresses the duty of the District Court to reset an execution date once a stay of execution has expired or been dissolved. Such statute provides:

> **46-19-103. Execution of death sentence.** (1) In pronouncing the sentence of death, the court shall set the date of execution which must not be less than 30 days or more than 60 days from the date the sentence is pronounced. If execution has been stayed by any court and the date set for execution has passed prior to dissolution of the stay, the court in which the defendant was previously sentenced shall, upon dissolution of the stay, set a new date of execution for not less than 20 or more than 90 days from the day the date is set. The defendant is entitled to be present in court on the day the new date of execution is set.

Under this statute, upon the dissolution of the stay, the District Court was statutorily mandated to set a new date of execution. There is no provision in the statutes which gives the District Court discretion to delay execution up to five years while the defendant contemplates or files a post conviction petition. In direct contradiction of that theory, the statute provides, "the court in which the defendant was previously sentenced <u>shall</u>, upon dissolution of the stay, set a new date of execution for not less than 20 or more than 90 days from the day the date is set." This is a clear statutory mandate to set an execution date within 90 days of the date on which the new execution date is set.

The State contends that the time frame for post conviction relief as set forth in § 46-21-102, MCA, must be considered in conjunction with § 46-19-103(1), MCA, which specifically applies to capital defendants and <u>requires</u> a new execution date every time a stay of execution is dissolved. We emphasize there is nothing about this process which prevents Mr. Gollehon from seeking post conviction relief. From Mr. Gollehon's petitions and briefs, it

2

clearly appears that he has chosen not to file any post conviction relief petition up to this point in time. We conclude that a criminal defendant does not have a constitutional right to the collateral review which is present through State post conviction procedures. See Coleman v. Thompson (1991), 501 U.S. 722, 756. When considering Mr. Gollehon's claims, we conclude that the State does have a legitimate state interest at stake which justifies the resetting of an execution date as soon as a stay is dissolved, which of course requires capital defendants to file collateral claims, such as post conviction relief claims, without delay. Mr. Gollehon has chosen not to do so in this case to the date of these Applications.

We conclude that § 46-21-102, MCA, which provides that a petition for post conviction relief "may be filed" at any time within five years of the date of conviction does not override the sentencing requirements of § 46-19-103, MCA, which require the setting of a new date of execution within 90 days from the date of hearing upon a dissolution of the stay as took place in the present case. Mr. Gollehon has failed to present statutory provisions supporting his argument and has also failed to present case authority which in any way supports his contention.

We hold that the sentencing provisions of § 46-19-103, MCA, control and that the post conviction provisions of § 46-21-102, MCA, do not override the sentencing statute. As a result, we hold that the Petition for Supervisory Control is denied on the merits and the Petition for Stay of Death Sentence also is denied on the merits.

Notice of this order shall be given by telephone to District Judge Edward P. McLean, to counsel for Mr. Gollehon and to the Attorney General for the State of Montana, and in addition written notice shall be given.

DATED this **2 5** day of May, 1995.

Chief Justice

3

Karla M. Gray

William E. Hunt

Jim Trieweiler

W. William Leaphart

Justices