STATE OF MONTANA, ex rel.
DOUGLAS D. TURNER,
Relator,
v.
MONTANA THIRD JUDICIAL
DISTRICT COURT,
POWELL COUNTY,
the Honorable
Edward P. McLean, Presiding,
Respondent.

No. 95-283.
Decided June 15, 1995.
52 St.Rep. 498.
271 Mont. 392.
897 P.2d 1060.

## OPINION AND ORDER

Douglas D. Turner, herein called Mr. Turner, through his counsel has filed an Application for Writ of Supervisory Control as well as a Memorandum of Authorities in Support. The Respondent, through the office of the Attorney General, has filed its Response to Application for Writ of Supervisory Control.

Key dates and determinations are as follows:

1. Mr. Turner was convicted of deliberate homicide by accountability on October 7, 1991, and sentenced to death by the respondent court on March 18, 1992.

2. Mr. Turner's conviction and death sentence were affirmed by this Court on October 20, 1993, in *State v. Turner* (1993), 262 Mont. 39, 864 P.2d 235.

3. Mr. Turner's petition for rehearing was denied by this Court on December 10, 1993.

4. Mr. Turner's petition for writ of certiorari was denied by the United States Supreme Court on October 3, 1994.

5. On January 17, 1995, the State moved the respondent court for a hearing to set an execution date for Mr. Turner and the court scheduled a hearing for March 24, 1995.

6. On March 24, 1995, the District Court set the date of execution for Mr. Turner for May 28, 1995. At the hearing on that date before the District Court, Mr. Turner registered objections to the State's request for an execution date on the ground that the setting of that

date prior to the expiration of the five year period provided by statute for filing a petition for post conviction relief violated Mr. Turner's right to due process and equal protection. The District Court orally denied those objections.

7. On May 3, 1995, Mr. Turner filed a motion with the District Court to continue execution date. The District Court granted the motion for stay of execution and by order dated May 10, 1995, continued the date of execution to June 22, 1995.

8. Mr. Gollehon, in a companion case, filed an application for writ of supervisory control. By Opinion and Order, dated May 25, 1995, this Court denied his petition for supervisory control on the merits and the petition for stay of death sentence was also denied on the merits.

9. Mr. Turner filed a motion for stay of execution and brief in support together with affidavit of counsel in the District Court on June 7, 1995. In Mr. Gollehon's companion case, the District Court heard Gollehon's motion asking for a stay of execution on the afternoon of June 7, 1995; and during that hearing the District Court denied Mr. Gollehon's request. Mr. Turner's counsel states that during the Gollehon hearing the District Court denied Mr. Gollehon's request on the ground that the court lacked any jurisdiction or authority to grant a stay beyond the 90 day limit specified in § 46-19-103(1), MCA.

10. The execution date set by the District Court is June 22, 1995, and a death warrant has been issued.

Pursuant to the requirements of Rule 17, M.R.App.P., this Court accepts supervisory control and addresses the merits of issues raised by Mr. Turner in his petition.

In substance Mr. Turner contends that § 46-19-103(1), MCA, which requires a district court to set his execution date after a stay has been dissolved within 20 to 90 days, directly conflicts with the provisions of § 46-21-101 and following sections, MCA, which mandate a five year period within which a convicted person may file a petition seeking post conviction relief. In substance Mr. Turner contends that the setting of a date for execution deprived him of the remedies preserved under the post conviction statutes and, therefore, violated his constitutional rights under both state and federal constitutional provisions.

Without detailing such contentions, we point out that Mr. Turner contends that the setting of the date of execution before the expiration of the five year period for filing a petition for post conviction relief

violates Mr. Turner's rights to due process under the state and federal constitutions; suspends the privilege of the writ of habeas corpus in violation of state and federal constitutions; violates Mr. Turner's right of access to the courts under the Montana Constitution; and finally violates Mr. Turner's rights to equal protection under state and federal constitutions.

▆▆▆ In our Opinion and Order dated May 25, 1995, in *Gollehon v. District Court of the Third Judicial District* (1995), [271 Mont. 363], 897 P.2d 1058, 52 St.Rep. 447, this Court pointed out that Mr. Gollehon contended that the five year time period for filing a post conviction petition controlled and overrode any time period otherwise provided; and that he contended that such statute created a liberty interest which is superior to the State's right to carry out the death sentence during the five year period within which a post conviction petition could be filed. The key conclusions and holdings on the part of this Court in *Gollehon* are as follows:

> We conclude that a criminal defendant does not have a constitutional right to the collateral review which is present through State post conviction procedures. See *Coleman v. Thompson* (1991), 501 U.S. 722, 756. When considering Mr. Gollehon's claims, we conclude that the State does have a legitimate state interest at stake which justifies the resetting of an execution date as soon as a stay is dissolved, which of course requires capital defendants to file collateral claims, such as post conviction relief claims, without delay. ...

> We conclude that § 46-21-102, MCA, which provides that a petition for post conviction relief "may be filed" at any time within five years of the date of conviction does not override the sentencing requirements of § 46-19-103, MCA, ...

> We hold that the provisions of § 46-19-103, MCA, control and that the post conviction provisions of § 46-21-102, MCA, do not override § 46-19-103, MCA. As a result, we hold that the Petition for Supervisory Control is denied on the merits and the Petition for Stay of Death Sentence also is denied on the merits.

While the constitutional claims on the part of Mr. Turner are worded on somewhat different theories than the contentions of Mr. Gollehon, we find that our holding in *Gollehon* is controlling. We reemphasize the conclusion in *Gollehon* that a criminal defendant does not have a constitutional right to the collateral review which is present through Montana post conviction procedures. We further emphasize that the

*Gollehon* conclusion that § 46-21-102, MCA, providing for the filing of post conviction relief petitions within five years of date of conviction does not override the sentencing requirement of § 46-19-103, MCA. We reaffirm the holding of *Gollehon* which is as follows:

> We hold that the provisions of § 46-19-103, MCA, control and that the post conviction provisions of § 46-21-102, MCA, do not override § 46-19-103, MCA.

In view of the foregoing principles, we conclude that the constitutional arguments on the part of Mr. Turner are insufficient as a matter of law. As a result, we hold that Mr. Turner's petition for supervisory control is denied on the merits.

■ We next consider the granting of a stay of execution in order that Mr. Turner's counsel may prepare his petition for post conviction relief for presentation to the District Court. In Mr. Turner's motion for stay of execution filed with the District Court on June 7, 1995, counsel pointed out that additional time is needed to thoroughly review the files and records, which includes the review of the District Court record, including approximately 1500 pages of trial transcript, the Supreme Court record on appeal and various other documents relating to the petition for writ of certiorari as well as the files of Mr. Turner's trial and appeal counsel. We here note that Mr. Hooks, of the Appellate Defender's Office, has been appointed by the District Court, on March 24, 1995, to represent Mr. Turner in this matter. Counsel lists a number of grounds which potentially should be included in the petition for post conviction relief. Counsel further states in his motion that "[t]his motion is submitted in good faith, and not merely for the purpose of delay." In his supporting brief, counsel for Mr. Turner emphasizes the critical importance in a post conviction proceeding to explore all possible claims before filing the petition. He refers to American Bar Association Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases which establish the extensive nature of the efforts required on the part of post conviction counsel. In Mr. Hooks' sworn affidavit attached to the motion for stay of execution, he establishes the workload which is presently facing him and points out that to require his office to assume the burden of fully investigating and reviewing the criminal case and doing appropriate legal research and drafting a petition for post conviction relief by the June 22, 1995 execution date, jeopardizes Mr. Turner's rights.

In view of the short time available before the June 22, 1995 date of execution, and the indicated intent of counsel for Mr. Turner to

prepare and file a petition for post conviction relief, this Court concludes that it is appropriate to grant a stay of execution.

IT IS ORDERED that the order of the District Court setting the execution date of Douglas D. Turner for June 22, 1995, is vacated and a stay of execution is hereby granted to October 20, 1995, in order to allow the counsel for Mr. Turner time in which to file a petition for post conviction relief on behalf of Mr. Turner.

IT IS FURTHER ORDERED that any petition for post conviction relief in behalf of Mr. Turner must be served and filed on or before October 20, 1995.

IT IS FURTHER ORDERED that after the filing of a petition for post conviction relief, or as soon after October 20, 1995, as practical, this Court shall make such additional orders as may be appropriate concerning the stay of execution of Mr. Turner.

Notice of this Opinion and Order shall be given by telephone to District Judge Edward P. McLean, to counsel for Mr. Turner, and to the Attorney General for the State of Montana; and in addition, written copies of this Opinion and Order shall be mailed to them.

DATED this 15th day of June, 1995.

/S/ J. A. TURNAGE, Chief Justice
/S/ KARLA M. GRAY, Justice
/S/ WILLIAM E. HUNT, SR., Justice
/S/ TERRY N. TRIEWEILER, Justice
/S/ JAMES C. NELSON, Justice
/S/ FRED J. WEBER, Justice.

JUSTICE LEAPHART did not participate in this matter.